David Abrams, Attorney at Law (DA-8126)
305 Broadway, 5th Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

---

J. Soto,

    Plaintiff,

  - against -

PSEC Plumbing & Heating Corp. &
Peter Skyllas a/k/a Pete Skyllas,

    Defendants.

---

Index No.: 07 CIV 9594



## COMPLAINT

Plaintiff, complaining of the Defendants by his attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

### I. Introduction

1. This is an action for unpaid overtime under the Fair Labor Standards Act and New York Wage & Hour Regulations. Plaintiff complains individually and on behalf of other current and former employees of the Defendant pursuant to 29 U.S.C. 216(b). Plaintiff also asserts a claim of retaliation under New York Labor Law Section 215.

### II. Parties

2. Plaintiff J. Soto is a natural person residing in the State of New York, County of New York.

3. Upon information and belief, defendant PSEC Plumbing & Heating Crop. (the "Primary Employer") is a business corporation with a principal place of business at 622 West 125th Street, New York, NY 10027.

4. Upon information and belief, defendant Peter Skyllas a/k/a Pete Skyllas (the "Secondary Employer") is a natural person who resides in the State of New York, County of Westchester.

### III. Venue & Jurisdiction

5. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(2) in that defendants reside in New York and, upon information and belief, the Primary Employer maintains a continuous and systematic presence in the Southern District

6. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act and the remaining claims for part of the same case or controversy.

7. Personal jurisdiction exists over the Primary and Secondary Employers in that this action arises from their activities in New York, specifically the employment of the Plaintiff.

### IV. Background

8. Upon information and belief, the Primary Employer and Secondary Employers (collectively, the "Employer") operate a Plumbing Business. The Secondary Employer also operates a building in upper Manhattan.

9. Mr. Soto was employed by the Employer, including any predecessors in interest.

10. Mr. Soto was not paid a proper overtime premium for work in excess of 40 hours per week.

### IV. Causes of Action and Demand for Relief

#### Count One: Violation of the Fair Labor Standards Act

11. The allegations contained in paragraphs 1 through 10 are incorporated as if restated herein.

12. Plaintiffs were an employee of the Employer within the meaning of the Fair Labor Standards Act.

13. Upon information and belief, the Defendants were employers within the meaning of the Fair Labor Standards Act and subject to the same Act.

14. The Employer violated the Fair Labor Standards Act in that it did not properly compensate plaintiffs for the overtime they worked.

#### Count II: Violation of New York Wage & Hour Law

15. The allegations contained in paragraphs 1 through 14 are incorporated as if restated herein.

16. Mr. Soto was an employee of the Employer within the meaning of New York Wage Regulations, specifically N.Y.C.R.R. Labor Section 138 et seq.

17. The Employer was an employer within the meaning of those same regulations.

18. The Employer violated the above regulations in that it did not properly compensate Mr. Soto for the overtime hours he worked.

Count III:    Retaliation Under New York Labor Law

19.    At one point in his employment, Plaintiff was fired by the Employer in retaliation for complaining about a failure to pay him proper wages, in violation of New York Labor Section 215.

WHEREFORE Plaintiffs demands judgment against the Employer in the amount of their unpaid overtime and/or wages, together with liquidated and other multiple damages, costs, fees, interest; certifying this matter as a collective action with adequate notice to be supervised by the Court and awarding appropriate relief; and such other and further relief that the Court deems just.

Respectfully submitted,

/s/ David Abrams

David Abrams (DA-8126)
  Attorney for Plaintiff
J. Soto

305 Broadway, 5th Floor
New York, NY 10007
Tel. 212-897-5821
Fax  212-897-5811

Dated:    New York, NY
          October 26, 2007